EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRCT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **HOSPITAL HOUSEKEEPING** | § | |
| **SYSTEMS, LLC** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 1:19-CV-00514** |
| | § | |
| **GEMINI INSURANCE COMPANY** | § | |

---

**DEFENDANT'S NOTICE OF REMOVAL
EXHIBIT D: COPIES OF PLEADINGS ASSERTING
CAUSES OF ACTION AND ALL ANSWERS TO SUCH PLEADINGS**

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Gemini Insurance Company, the defendant in the above entitled and numbered cause, and files copies of all pleadings asserting causes of action and all answers to such pleadings.

 CT Corporation

**Service of Process Transmittal**
04/18/2019
CT Log Number 535325140

TO:     JANET SHEMANSKE, Secretary
        Nautilus Insurance Company
        W. R. BERKLEY STATUTORY E & S CENTER, 7233 E BUTHERUS DR
        SCOTTSDALE, AZ 85260-2410

RE:     **Process Served in Delaware**

FOR:    Gemini Insurance Company  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | HOSPITAL HOUSEKEEPING SYSTEMS, LLC, Pltf. vs. Gemini Insurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Original Petition |
| **COURT/AGENCY:** | Hays County District Court, TX<br>Case # 190754 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/18/2019 at 15:52 |
| **JURISDICTION SERVED :** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | 03/29/2019 |
| **ATTORNEY(S) / SENDER(S):** | Brandon T. Allen<br>REYNOLDS FRIZZELL LLP<br>1100 Louisiana, Suite 3500<br>Houston, TX 77002<br>713-485-7200 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/19/2019, Expected Purge Date: 04/24/2019 |
| | Image SOP |
| | Email Notification,  JANET SHEMANSKE  jshemanske@nautilus-ins.com |
| | Email Notification,  SOP REGULATORY  nic_regulatory@nautilus-ins.com |
| | Email Notification,  Trea Mihalovich  tmihalovich@nautilus-ins.com |
| | Email Notification,  Christine Gemmell  cgemmell@nautilus-ins.com |
| **SIGNED:** | The Corporation Trust Company |
| **ADDRESS:** | 1209 N Orange St<br>Wilmington, DE 19801-1120 |
| **TELEPHONE:** | 302-658-7581 |

Page 1 of  1 / CJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

CITATION
THE STATE OF TEXAS

CAUSE NO. 19-0754

STYLED:  HOSPITAL HOUSEKEEPING SYSTEMS, LLC VS. GEMINI INSURANCE COMPANY

**TO:  GEMINI INSURANCE COMPANY, UPON WHOM PROCESS MAY BE HAD BY SERVING
REGISTERED AGENT; THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER, 1209
ORANGE ST., WILMINGTON, DELAWARE 19801 OR TEXAS COMMISSIONER OF INSURANCE AT THE
CHIEF CLERK OFFICE, 333 GUADALUPE, MC 113-2A, P.O. BOX 149104, AUSTIN, TX 78714-9104**

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney
do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next
following the expiration of 20 days after the date you were served this citation and petition, a default
judgment may be taken against you."**

Attached is a copy of the **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE,** which
was filed by the **PLAINTIFF,** in the above styled and numbered cause on the **29TH DAY OF MARCH, 2019,** in
the 22nd District Court of Hays County, San Marcos, Texas.

Issued and given under my hand and seal of said Court at San Marcos, Texas on this the 2nd day of April,
2019.

REQUESTED BY:
Brandon T. Allen
Reynolds Frizzell LLP
1100 Louisiana, Suite 3500
Houston, TX 77002
713-485-7200

BEVERLY CRUMLEY
Hays County District Clerk
Hays County Government Center
712 Stagecoach Trail, Ste. 2211
San Marcos, Texas 78666

By: _Christina Cordero_
Christina Cordero, Deputy

**OFFICER'S RETURN**

Came to hand on the ___ day of _____ 20___ at _____ o'clock ___M and executed the ___ day of
_____ 20___ by  delivering to defendant _____ in person, a true copy of this
citation with a copy of the petition attached thereto on ____ day of _____ 20___ at _____ o'clock
___M at _____ in _____ County, Texas.

[ ] Not executed. The diligence used in finding defendant being_____
_____
[ ] Information received as to the whereabouts of defendant being_____
_____

Service Fee:$_____

Sworn to and subscribed before me this the
_____day of_____,_____.

SHERIFF/CONSTABLE/AUTHORIZED PERSON
BY:_____

_____
Printed Name of Server

_____
NOTARY PUBLIC, THE STATE OF TEXAS

_____County, Texas

ORIGINAL FOR RETURN

CITATION
THE STATE OF TEXAS

CAUSE NO. 19-0754

STYLED:  HOSPITAL HOUSEKEEPING SYSTEMS, LLC VS. GEMINI INSURANCE COMPANY

**TO:  GEMINI INSURANCE COMPANY, UPON WHOM PROCESS MAY BE HAD BY SERVING REGISTERED AGENT; THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER, 1209 ORANGE ST., WILMINGTON, DELAWARE 19801 OR TEXAS COMMISSIONER OF INSURANCE AT THE CHIEF CLERK OFFICE, 333 GUADALUPE, MC 113-2A, P.O. BOX 149104, AUSTIN, TX 78714-9104**

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you."**

Attached is a copy of the **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**, which was filed by the **PLAINTIFF**, in the above styled and numbered cause on the **29TH DAY OF MARCH, 2019**, in the 22nd District Court of Hays County, San Marcos, Texas.

Issued and given under my hand and seal of said Court at San Marcos, Texas on this the 2nd day of April, 2019.

REQUESTED BY:
Brandon T. Allen
Reynolds Frizzell LLP
1100 Louisiana, Suite 3500
Houston, TX 77002
713-485-7200

BEVERLY CRUMLEY
Hays County District Clerk
Hays County Government Center
712 Stagecoach Trail, Ste. 2211
San Marcos, Texas 78666

By: _____
Christina Cordero, Deputy

**OFFICER'S RETURN**

Came to hand on the ___ day of _____ 20___ at _____ o'clock ___M and executed the ___ day of _____ 20___ by delivering to defendant _____ in person, a true copy of this citation with a copy of the petition attached thereto on ____ day of _____ 20___ at _____ o'clock ___M at _____ in _____ County, Texas.

[ ] Not executed. The diligence used in finding defendant being_____

[ ] Information received as to the whereabouts of defendant being_____

Service Fee:$_____

Sworn to and subscribed before me this the
_____day of_____,_____.

SHERIFF/CONSTABLE/AUTHORIZED PERSON
BY:_____

_____
Printed Name of Server

_____
NOTARY PUBLIC, THE STATE OF TEXAS

_____County, Texas

DEFENDANT'S COPY

FILED
3/29/2019 4:30 PM
Beverly Crumley
District Clerk
Hays County, Texas

CAUSE NO. 19-0754

| | | |
|---|---|---|
| HOSPITAL HOUSEKEEPING SYSTEMS, LLC, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § | HAYS COUNTY, TEXAS |
| ⌐GEMINI INSURANCE COMPANY, | § § § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION
## AND REQUEST FOR DISCLOSURE

Plaintiff Hospital Housekeeping Systems, LLC ("Plaintiff" or "HHS") files this Original Petition and Request for Disclosure against Gemini Insurance Company ("Gemini") to obtain a declaration that Plaintiff's claim and loss, described in detail below, is covered under the insurance policy Gemini issued to Plaintiff.

### Parties

1.      Plaintiff Hospital Housekeeping Systems, LLC is a Texas limited liability company with its principal place of business in Hays County, Texas at 12495 Silver Creek Rd, Dripping Springs, Texas 78620.

2.      Defendant Gemini Insurance Company is a Delaware corporation with its principal place of business at 475 Steamboat Road, Greenwich, Connecticut 06830.  It may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801, or via the Texas Commissioner of Insurance at Chief Clerk Office, 333 Guadalupe, MC 113-2A, P.O. Box 149104, Austin, Texas 78714-9104.

## Jurisdiction and Venue

3.      This Court has subject matter jurisdiction over this action because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

4.      This Court has personal jurisdiction over Gemini because it continuously and systematically conducts business in Texas, including issuing the policy at issue in Texas.   In addition, this Court has personal jurisdiction over Gemini because Plaintiff's claim herein arises out of and relates to Gemini's specific, purposeful contacts with a Texas resident in the state of Texas. Thus, Gemini has purposefully availed itself of the benefits and protections of Texas's laws and is subject to personal jurisdiction in its courts.

5.      Venue is proper in this Court because Plaintiff is the policyholder and its principal office in Texas is located in Hays County, Texas. *See* TEX. CIV. PRAC. & REM. CODE § 15.032. Venue is also proper in this Court because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Hays County, Texas. *See id.* § 15.002(a).

## Facts

6.      In 2015, HHS purchased Commercial General Liability Coverage under Policy Number VGGP001851 (the "Policy").   The Policy Period ran from December 31, 2015 to January 1, 2017 at 12:01 a.m. The Policy was serviced by Vela Insurance Services ("Vela"), and Vela was authorized by Gemini to receive all notices required of HHS under the terms of the Policy.

7.      The Policy includes coverage for "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."  The Policy contains an exclusion for "[b]odily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement," but that exclusion does not apply to an "insured contract," defined in the

2

Policy as:

> That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

The Policy also provided for Additional Insureds "[a]s required by written contract executed prior to an occurrence."

      8.     Effective November 8, 2014, HHS contracted with HCA North Florida Division Facilities ("HCA"), via two Purchasing Agreements (the "HCA Agreements"), to provide housekeeping services at HCA's facilities. Among the provisions included in each of the HCA Agreements were the following:

> 8.1 <u>Vendor Indemnification</u>. Vendor agrees to and does hereby defend, indemnify and hold harmless Division and each Purchaser, their Affiliates, successors, assigns, directors, officers, agents and employees ("Division Indemnitees") from and against any and all liabilities, demands, losses, damages, costs, expenses, fines, amounts paid in settlements or judgments, and all other reasonable expenses and costs incident thereto, including reasonable attorneys' fees (collectively referred to as "Damages") arising out of or resulting from: (i) any claim, lawsuit, investigation, proceeding, regulatory action, or other cause of action, arising out of or in connection with Services, or the use of the Services ("Injury"), except to the extent the Injury was caused by reason of a Division Indemnitee's negligence; (ii) the breach or alleged breach by Vendor of the representations, warranties or covenants contained in this Agreement or in materials furnished by Vendor, including the Warranty of Non-exclusion set forth in Section 12.5; or (iii) any infringement, misappropriation or alleged infringement or misappropriation of any patent, trademark, copyright, trade secret or other intellectual property right resulting from the purchase of Services and/or Purchasers' receipt of any Services provided hereunder or anything furnished in connection with the provision of the Services.

> \* \* \*

> 8.4 <u>Indemnification Process</u>. If any demand or claim is made or suit is commenced against a Division Indemnitee for which Vendor has an indemnity obligation under Section 8.1 above, written notice of such shall be provided to Vendor, Vendor shall undertake the defense of any such suit, and such Division Indemnitee shall cooperate with Vendor in the defense of the demand, claim or suit to whatever reasonable extent Vendor requires and at Vendor's sole expense. Vendor shall have the right to compromise such claim at Vendor's

3

expense for the benefit of such Division Indemnitee; provided, however, Vendor shall not have the right to obligate a Division Indemnitee in any respect in connection with any such compromise without the written consent of such Division Indemnitee. Notwithstanding the foregoing, if Vendor fails to assume its obligation to defend, a Division Indemnitee may do so to protect its interest and seek reimbursement from Vendor.

9.    Among the "Purchasers," as defined in the HCA Agreements, is Tallahassee Medical Center, Inc. d/b/a Capital Regional Medical Center ("CRMC").    Based on the Indemnification Provisions in the HCA Agreements, the HCA Agreements are insured contracts. In addition, CRMC is an Additional Insured under the Policy.

10.    On May 20, 2016 Stephanie Kemp was injured when she fell while walking in a hallway on CRMC property.  Kemp claimed that she slipped "in something wet."  On April 19, 2017, Kemp served a Complaint on CRMC (the "Kemp Lawsuit"), alleging CRMC was negligent by: (a) failing to maintain the floors, thereby creating a hazardous condition; (b) failing to inspect the floors; and (c) failing to warn Plaintiff of any hazardous condition.

11.    Upon further investigation of Kemp's claim, the hospital's surveillance video footage of the fall revealed that one or more HHS employees had violated policy by dragging certain bags through the hallway in which Ms. Kemp slipped and fell shortly before the accident. On March 15, 2017, and again on May 3, 2017, CRMC tendered a request to HHS to defend and indemnify CRMS in the Kemp Lawsuit.  Based on the evidence, and its existing obligations under the HCA Agreements, HHS confirmed its indemnity obligations to CRMC on July 19, 2017.

12.    The Policy is subject to a Self-Insured Retention ("SIR") endorsement.  Under the SIR endorsement, HHS is responsible for the first $200,000 dollars of damages or "defense expenses" under a covered claim.

13.    When HHS reasonably concluded that its expenses related to the Kemp Lawsuit might exceed 50% of the SIR, HHS contacted Vela to file its claim (the "Claim") on November 2,

2018. After several months, on February 27, 2019, Vela responded on behalf of Gemini with a noncommittal letter indicating that it was "handling" the file under a reservation of rights as to coverage.

14.     Despite refusing to participate in HHS's defense of CRMC, or to even accept HHS's claim, Gemini through Vela "recommended" that HHS pay up to a certain dollar amount to settle the Kemp Lawsuit and indicated that Gemini would not be responsible for any amount above that sum if HHS did not settle. HHS decided in good faith not to settle, and the case went to trial. The jury awarded Kemp in excess of $1,000,000.

15.     CRMC, with HHS's help, is currently planning to appeal the verdict and has been involved in post-trial negotiations. To date, however, Gemini has refused to contribute to or participate in HHS's defense of CRMC, despite the fact that the policy states that the insurer "will have the right and duty to defend the insured" against any suit seeking damages for bodily injury.

16.     HHS now seeks a declaration that its Claim and losses related to the Kemp Lawsuit are covered under the Policy, as well as such other relief to which HHS may be entitled.

## Cause of Action

### Declaratory Judgment

17.     HHS incorporates as if set forth herein in full all of the allegations contained in the above paragraphs.

18.     HHS and Gemini are parties to the Policy, and it is a written contract.

19.     Under Section 37.004 of the Texas Civil Practice and Remedies Code, "[a] person interested under a . . . written contract . . . may have determined any question of construction or validity arising under the . . . contract . . . and obtain a declaration of rights, status, or other legal

relations thereunder." "A contract may be construed either before or after there has been a breach." *Id.*

20.     There is a live case or controversy existing between the parties as to the matters set forth herein.

21.     HHS and Gemini freely entered the Policy, and it is supported by adequate and valid consideration. As such, it constitutes an enforceable contract between the parties.

22.     Under the express terms of the Policy and the facts as set forth herein, Gemini is required to provide a defense to CRMC and to indemnify CRMC and HHS from any adverse monetary judgment arising from the Kemp Lawsuit in excess of the Gemini policy SIR. The Claim asserted by Kemp and the resulting verdict clearly fall within the scope of coverage. Specifically, the Policy provides, as stated above, that Gemini has a duty to defend and indemnify claims arising under an insured contract or against an Additional Insured, both of which apply to these circumstances.

23.     Upon presentation of this Claim, Gemini refused and continues to refuse to provide a defense for the Claim or indemnify Plaintiff or CRMC. Instead, Gemini contends it owes no duty to defend CRMC and no duty to indemnify Plaintiff or CRMC.

24.     HHS respectfully requests that this Court enter a judgment declaring that the Policy is binding and fully enforceable; that Gemini owes a duty to defend HHS, along with the Additional Insured, from and against all claims and causes of action asserted by Kemp relating to the Kemp Lawsuit; and that Gemini owes a duty to indemnify HHS and CRMC for this Claim and any resulting legal liability to Kemp.

25.     All conditions precedent to Gemini's liability under the Policy have occurred.

26.     As a result of Gemini's failure to abide by the terms of the Policy, HHS has been forced to retain counsel to secure performance. Accordingly, HHS is entitled to and seeks to recover its costs and reasonable and necessary attorney's fees as are equitable and just pursuant to Texas Civil Practice & Remedies Code §§ 37.001, et seq. 21. Pursuant to Tex. Fin. Code Ann. §§304.101 et seq., Plaintiff is entitled to recover pre-and post-judgment interest, at the statutory rate or at such other rate as is set by this Court.

### Request for Disclosure

27.     Under Texas Rule of Civil Procedure 194, HHS requests that Gemini disclose, within 50 days after service of this Request, the information or material described in Texas Rule of Civil Procedure 194.2(a)–(i).

### Rule 193.7 Notice

28.     Plaintiff provides notice under Texas Rule of Civil Procedure 193.7 to use any and all documents produced by Gemini.

### Discovery Plan and Rule 47 Statement

29.     Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3.    Pursuant to Rule 47, Plaintiff is seeking actual damages of more than $1,000,000.

### Conditions Precedent

30.     HHS has met all conditions precedent to filing this suit, or they have otherwise been waived.

### Jury Demand

31.     HHS requests trial by jury and will tender the appropriate fee.

7

**Prayer for Relief**

32.     Accordingly, Plaintiff HHS respectfully requests that Defendant Gemini be cited to appear, and that Plaintiff have judgment against Defendant as follows:

    a.   declaring that Gemini's Policy No. VGGP001851 is binding and fully enforceable; that Gemini owes a duty to defend HHS and CRMC from and against all claims and causes of action asserted by Kemp relating to the Kemp Lawsuit; and that Gemini owes a duty to indemnify HHS and CRMC from and against all claims, causes of action, and losses arising from the Kemp Lawsuit and/or its underlying occurrences;

    b.   recovery of HHS's reasonable and necessary attorney's fees as are equitable and just pursuant to Tex. Civ. Prac. & Rem. Code §§ 37.001, et seq.;

    c.   pre-judgment interest at the maximum rate of interest permitted by law;

    d.   costs of suit;

    e.   post-judgment interest, at the legal rate; and

    f.   all other relief to which Plaintiff may be entitled.

Dated:  March 29, 2019

Respectfully submitted,

**REYNOLDS FRIZZELL LLP**

By:     /s/ Brandon T. Allen
         Brandon T. Allen
         Texas Bar No. 24009353
         allen@reynoldsfrizzell.com
         William R. Langley
         Texas Bar No. 24102061
         wlangley@reynoldsfrizzell.com
1100 Louisiana, Suite 3500
Houston, Texas  77002
Telephone:  (713) 485-7200
Fax:          (713) 485-7250

**ATTORNEYS FOR PLAINTIFF HOSPITAL
HOUSEKEEPING SYSTEMS, LLC**

9

**CAUSE NO. 19-0754**

| | | |
|---|---|---|
| **HOSPITAL HOUSEKEEPING SYSTEMS, LLC** | § § § | **IN THE DISTRICT COURT OF** |
| **V.** | § § | **HAYS COUNTY, TEXAS** |
| **GEMINI INSURANCE COMPANY** | § | **22ND JUDICIAL DISTRICT** |

---

**DEFENDANT GEMINI INSURANCE COMPANY'S ORIGINAL ANSWER TO
PLAINTIFF HOSPITAL HOUSEKEEPING SYSTEMS, LLC'S ORIGINAL PETITION**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Gemini Insurance Company, the defendant in the above-entitled and numbered cause, and files this its original answer to the plaintiff Hospital Housekeeping Systems, LLC's original petition ("plaintiff's petition") on file herein, and in support thereof would respectfully show the Court as follows:

**I.**

The defendant hereby generally denies the allegations contained in the plaintiff's petition on file herein pursuant to Rule 92 of the Texas Rules of Civil Procedure, and thus asserts its privilege of insisting that such allegations be proven by a preponderance of credible evidence.

**II.**

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, the defendant notifies all parties to this lawsuit of the defendant's intent to introduce as evidence at any pretrial proceeding or at trial any document produced by any party in discovery in this lawsuit.

**III.**

The defendant specifically reserves the right to amend its answer to plead any affirmative defenses or other matters that must be specially pled and to assert any counterclaims or third-party claims it may have after discovery in this case is complete.

WHEREFORE, PREMISES CONSIDERED, the defendant, Gemini Insurance Company, moves and prays the Court that upon trial hereof, the plaintiff recover nothing, and that the defendant go hence with its costs, and for such other and further relief, both general and special, legal and equitable, to which defendant may show itself justly entitled to receive.

Respectfully submitted,

ORGAIN BELL & TUCKER, LLP
P O Box 1751
Beaumont, TX 77704-1751
(409) 838-6412
(409) 838-6959 facsimile

/s/ Greg C. Wilkins
Greg C. Wilkins
State Bar No. 00797669
gcw@obt.com
Nadia I. Gire
State Bar No. 24076852
ngire@obt.com

**ATTORNEYS FOR DEFENDANT,
GEMINI INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

  I do hereby certify that on the 13th day of May, 2019, I electronically filed the foregoing with the Hays County District Clerk via eFile Texas which will send notification of such filing to each counsel of record.

/s/ Greg C. Wilkins    
Greg C. Wilkins
